**STATE ex PECK, Plaintiff-Appellant v SELBY, Chief of Division of Securities of Ohio, Defendant-Appellee.**

Ohio Appeals, 2nd District, Franklin County.

No. 3466. Decided January 11, 1943.

**428**

Pealer & Tuttle, Columbus, for plaintiff-appellant.

Gerald A. Doyle, Cleveland, for plaintiff-appellant.

Thomas J. Herbert, attorney general, and Aubrey A. Wendt, asst. attorney general, Columbus, for defendant-appellee.

## OPINION

By GEIGER, P. J.

The relators in their petition state that they are the duly qualified officers of the Liquidating Finance Corporation, with the principal place of business in the city of Cleveland; that the defendant is the Chief of the Division of Securities; that the relators hold certain offices in said corporation; that during the latter part of 1938 they filed with the Division of Securities of the State of Ohio two applications for certificates of the sale of securities, one on behalf of the Liquidating Finance Corporation, and the other on behalf of the proposed corporation to be known as The Wooster Finance Corporation, to which the Liquidating Finance Corporation proposed to convey a portion of its assets; that relators filed a financial statement setting forth the assets to be retained and the obligations to be assumed by the Liquidating Finance Corporation; that said relators have been indicted for the violating of certain provisions of the Blue Sky Laws of Ohio growing out of the operations of the Liquidating Finance Corporation by said relators; that the trial of said relators is now set for March 10, 1941; that due to the fact that the Liquidating Corporation was declared a bankrupt, none of its papers are in its possession; that in the preparation of their defense it is necessary that relators have true certified or photostatic copies of two financial statements and of all other papers; that for the purpose of securing at this time the photostatic copies, said relators appeared at the office of the Division of Securities of the State of Ohio in Columbus, and on behalf of all the relators demanded from the Chief of Division a certified or photostatic copy of said financial statements; that said relator, together with other parties, were advised that they could have a photostatic copy if they would pay the costs of the same, which, after inquiry of the Division of Securities, was ascertained to be about $9.15; that said relators then and there agreed to pay said costs and the same deputy then advised relators that a certain person, familiar with the Division of Securities, was

out of the city, would not return until 11:00 o'clock, and asked said relators to return April 4th, 1941, at 1:30 P. M. Upon calling the office at that time they found that the person mentioned was in conference with the Chief Deputy; they then again demanded certified or photostatic copies.

Relators quote §§8624-12 and 8624-34, providing that documents shall be open to inspection; that certified copies as evidence shall be admissible in any prosecution. Said relators are directly interested in all of said papers and are ready to pay all necessary costs. Relators can not compel the Chief of the Division of Securities to produce said records and have no adequate remedy, any pray that a writ of mandamus issue commanding the defendant to execute and deliver the certified copies of all of said records or photostatic copies of the same.

The substance of the matter is that sometime in April, 1941, the relators anticipated that they would be put on trial under an indictment, and that they desired photostatic copies of certain documents and financial reports in the possession of the respondent.

It is asserted that there is no statutory requirement that respondent furnish them either a certified or photostatic copy of these records. In this we think respondent is correct. Extraordinary writ of mandamus will not be used to compel respondent to do anything other than perform the duties incident to the office which he may hold.

Counsel for relator cite §§8624-12 and 8624-34 GC, providing that documents shall be open to inspection, and that certified copies shall be admissible in any prosecution. Neither of these sections impose upon the respondent any obligation to make either certified or photostatic copies, and therefore his action in this matter cannot be controlled by the process of mandamus.

To refresh our memory upon the principles relating to mandamus, we cite and refer briefly to the statutes providing for mandamus, and to the following cases:

Section 12283 GC, describes mandamus as a writ issued in the name of the State to an inferior tribunal, etc., commanding the performance of an act which the law specifically enjoins as a duty resulting from an office.

Section 12285 GC, provides that the writ may require the inferior tribunal to exercise its judgment. but cannot control its discretion.

Section 12287 GC, provides that a writ will not issue in a case where there is a plain and adequate remedy in the ordinary course of law.

Board of Education v Van Wye, 122. Oh St, 247, holds in the third syllabus, that when a court is asked to exercise this extra-ordinary power, it is not limited to a consideration of the facts as they existed at the time the proceeding is initiated, but should

take into consideration the facts and conditions existing at the time it determines whether the writ should issue.

To the same effect is **State, ex Haines v Board of Education, 131 Oh St, 609.**

In **State ex Fish v Industrial Commission, 123 Oh St, 678,** the court holds that the cause has become moot, and that the relief prayed for must be denied. This has reference in the case at bar to the fact that the trial alleged to require the production of the evidence was set for May, 1941.

**State ex v Merrell, Dir., 127 Oh St, 72, at p. 76.**

**State ex Apple v Pence, 137 Oh St, 569,** holds that in exercising the extraordinary power of mandamus a court should take into consideration the facts and conditions existing at the time it determines whether to issue the peremptory writ.

**State ex Karan v Cull et, 139 Oh St, 415,** further emphasizes the above cited cases, and holds that the court will take into consideration the facts and conditions existing at the time it determines whether to issue the peremptory writ of mandamus, and the writ is denied because the questions involved have become moot.

We are, therefore, of the opinion that the writ of mandamus should not issue.

Writ of mandamus refused.

BARNES and HORNBECK, JJ., concur.

### APPLICATION FOR REHEARING.

No. 3466. Decided February 2, 1943.

BY THE COURT:

The decision in this case has been so recently issued as to obviate the present necessity of restating the matters at issue.

The application for rehearing is accompanied by an affidavit in which it is stated that the criminal action has been pending since January, 1941, and has not been brought to trial because of the motion filed by the defendants setting up their attempt to procure the documents mentioned, and that the Court of Common Pleas of Cuyahoga County, where the action is pending, has continued said criminal action so that the defendants may have the documents which they seek; that said action is still pending and is being withheld from trial by order of the court. This showing is made in order to persuade the court that that portion of the opinion which based the judgment upon the fact that the question was now moot, is not a correct conclusion.

Be that as it may, the court gave as an additional reason for denying the writ that the writ of mandamus will not be used to compel the official to do anything other than to perform the duties incident to the office which he holds, and that it will not issue

where there is a plain and adequate remedy in the ordinary course of law.

We are still of the opinion that counsel has failed to demonstrate that what they seek to require the defendant to do is an act which the law specifically enjoins upon nim as a duty resulting from his office, or that there is not a plain and adequate remedy in the ordinary course of law. The relators seek the order of this court to compel the defendants to furnish certain papers in order that the defendants may be able to avail themselves of such papers at the trial of the case pending against them. We are willing to yield the question under the facts recited in the affidavit, that it is not, as a matter of fact, a moot question because the trial is still pending even though the date recited in the application nas long since passed. This, however, does not dispose of the main proposition, that plaintiff is not entitled to this extraordinary writ under the facts disclosed by the record. On this we adhere to our original view.

Application for rehearing denied.

GEIGER, P. J., BARNES and HORNBECK, JJ., concur.